IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              )<br>                                                              )<br>              Plaintiff,              )<br>                                                              )<br>       vs.                                          )<br>                                                              )<br>LAURA ADLER,                               )<br>                                                              )<br>              Defendant.             ) | Case No. 8:08CR354<br><br><br>ORDER |

This case is before the court on the defendant's Motion to Set *Daubert* Hearing (#13). The defendant filed a Brief in Support of the Motion to Set *Daubert* Hearing (#15), the government filed a Brief in Response to Defendant's Motion (#18), and the defendant filed a Reply to the government's brief (#19).

In the defendant's Reply brief (#19) , defendant notes that she is "simply requesting an opportunity to challenge the reliability of drug detection dogs, and this one in particular, be it in a probable cause hearing or in a *Daubert* hearing."

## DISCUSSION

If a drug detection dog is reliable, a dog sniff resulting in an alert on a container, car, or other item, standing alone, gives an officer probable cause to believe that there are drugs present. *United States v. Donnelly,* 475 F.3d 946, 955 (8th Cir.), *cert. denied,* 127 S.Ct. 2954 (2007). In this case, the government relies in part on a dog's indication to establish probable cause to search.

I have also considered the analysis provided in *United States v. Outlaw*, 134 F. Supp. 2d 807, 812-14 (W.D. Tex. 2001). In that case the court initially observed that an alert by a drug dog did not, *per se*, establish probable cause; rather, a canine alert by a

properly trained dog was prima facie proof that the officer had probable cause for a search or seizure. Thus, "the government need only prove that the canine unit was trained and certified in order to prove the reliability of the canine alert so as [to] establish probable cause." 134 F. Supp. 2d 812. The defendant could still challenge the reliability of the "canine inspection," but had the burden of showing that in the totality of the circumstances, the dog's alert was unreliable and insufficient to establish probable cause. *Id.*

Under the Eighth Circuit's decision in *United States v. Donnelly*, a positive alert by a reliable drug detection dog constitutes proof of probable cause. Citing similar authority, the court in *Outlaw* reasoned,

> Underscoring these decisions is the requirement that the canine and handler team have successfully completed a minimum level of drug detection training and that the team possess a certain level of reliability. Under such circumstances, a handler can reasonably conclude that contraband items will be found based on a canine alert because such "dogs are trained to alert-take a particular position or stance-only when they detect such contraband or people." [Citations omitted.] Rather than adopting a bright line rule that a canine alert automatically establishes probable cause, the majority of circuits recognize a defendant's right to challenge the training and reliability of canine inspection teams.

I find that the use of drug detection dogs has been established as scientifically reliable, and deny the defendant's Motion for a *Daubert* hearing. However, I find that the reliability of the drug detection dog in this case is in question and that issue is deemed merged into the defendant's Motion to Suppress (#10).

**IT IS ORDERED:**

1. The defendant's Motion to Set *Daubert* Hearing (#13) is denied.

2. Defendant's Motion to Suppress (#10) shall be set for hearing.

3.  The hearing on defendant's Motion to Suppress (#10) shall include the issue as to whether the drug detection dog involved is reliable, the dog sniff resulted in the alert on a container, car, or other item, and whether or not said evidence gave the officer probable cause to believe that there were drugs present.  *United States v. Donnelly*, 475 F. 3d 946, 955 (8th Cir.) *cert. denied*, 127 S. Ct. 2954 (2007).

4.  Pursuant to NECrimR 57.2, a party may appeal this order by filing a "Statement of Appeal of Magistrate Judge's Order" within ten (10) days after being served with the order. The party shall specifically state the order or portion thereof appealed from and the basis of the appeal. The appealing party shall file contemporaneously with the statement of appeal a brief setting forth the party's arguments that the magistrate judge's order ***is clearly erroneous or contrary to law****.* The filing of a statement of appeal does not automatically stay the magistrate judge's order pending appeal.  *See* NECrimR 57.2(d).

Dated this 3rd day of November 2008.

BY THE COURT:

S/ F. A. Gossett
United States Magistrate Judge